UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                                          )
CARLOS FERREIRA and                      )
MIRANDOLINA DUARTE, on               )
behalf of themselves and all others           )
so similarly situated,                                 )
                                                          )
        Plaintiffs,                                  )
                                                          )
v.                                                             )        Civil Action No.
                                                          )
DITECH FINANCIAL LLC and           )
FEDERAL NATIONAL                         )
MORTGAGE ASSOCIATION             )
                                                          )
        Defendants.                              )
_____ )

## NOTICE OF REMOVAL

TO:    The Honorable Judges of the United States District Court for the District of Rhode Island

        Pursuant to 28 U.S.C. §§ 1441 *et seq.*, Defendants Ditech Financial LLC ("Ditech") and

Federal National Mortgage Association ("Fannie Mae," together the "Defendants") remove the

action captioned Mirandolina Duarte and Carlos Ferreira v. Ditech Financial LLC and Federal

National Mortgage Association, C.A. No. PC-2017-0833, now pending in the Rhode Island

Superior Court, Providence County, to the United States District Court for the District of Rhode

Island.  In so doing, Defendants state the following:

        1.      On or about February 22, 2017, Mirandolina Duarte and Carlos Ferreira ("the

Plaintiffs") filed this action against Defendants in Providence County Superior Court.

        2.      Ditech was served with the Complaint on or about March 13, 2017.  A copy of the

documents served on Ditech are attached as **Exhibit A**.  Fannie Mae does not have record of

being served with the Complaint.[1]  Pursuant to 28 U.S.C. § 1446, this Notice of Removal is

timely because it has been filed within thirty (30) days of Ditech's receipt of the Complaint.

      3.      This Court has original subject matter jurisdiction over this action on the basis of

28 U.S.C. § 1332.  First, there is complete diversity of citizenship between Plaintiffs and

Defendants.  Plaintiffs are both citizens of Rhode Island.  Complaint, ¶¶ 15-16.  Fannie Mae is a

national association with a principal place of business located in Washington, D.C.  Complaint at

¶ 17.  Ditech is a registered foreign limited liability company.   For diversity purposes,

"citizenship of a limited liability company is determined by the citizenship of all of its

members."  Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435

F.3d 51, 54 (1st Cir. 2006).  Here:

- The members of Ditech Financial LLC are Green Tree Licensing LLC, a Delaware limited liability company with its principal office in Minnesota, and Green Tree Servicing Corp., a Delaware corporation with its principal office in Minnesota.

- The sole member of Green Tree Licensing LLC is Green Tree Investment Holdings II LLC, a Delaware limited liability company with its principal office located in Minnesota.

- The sole member of Green Tree Investment Holdings II LLC is Green Tree Credit Solutions LLC, a Delaware limited liability company with its principal office located in Minnesota.

- The sole member of Green Tree Credit Solutions LLC is Walter Investment Management Corp., a Maryland corporation with its principal office located in Florida.

---

[1] By filing this Notice of Removal, Fannie Mae does not waive its right to challenge service.

Therefore, there is complete diversity of citizenship.

4.      Second, the amount in controversy exceeds $75,000.  In the Complaint, the
Plaintiffs allege that they received a loan in the amount of $300,287 and signed a note (the
"Note") and a mortgage granting Mortgage Electronic Registration Systems, Inc. a security
interest (the "Mortgage") in property located at 190 Vincent Avenue, North Providence, Rhode
Island (the "Property").  Complaint at ¶¶ 32-33; Mortgage, a copy of which is attached as
**Exhibit B**.  Plaintiffs further allege that the Note was sold to Government National Mortgage
Association ("Ginnie Mae"), the Mortgage was assigned to Fannie Mae, and that Ditech was the
servicer of their mortgage loan.  Complaint at ¶¶ 35-38.  Plaintiffs claim that Fannie Mae
foreclosed without authorization from Ginnie Mae, the alleged holder of their Note, in violation
of Rhode Island law.  Complaint at ¶¶ 2, 41, 71-75.  They further allege that the foreclosure
should be rescinded and title divested from the current record owner of the Property, Ditech,
because Defendants failed to conduct a face to face interview with them before the foreclosure in
violation of federal regulations and the terms of their Mortgage.  Complaint at      ¶¶ 3, 42-44,
95-96, 101, 110; Foreclosure Deed, a copy of which is attached as **Exhibit C**.  Based on these
allegations, Plaintiffs assert claims for Declaratory Judgment and Injunctive Relief, "Breach of
[sic] Duty of Good Faith and Reasonable Diligence," Breach of Contract and Breach of
Covenant of Good Faith and Fair Dealing, and Violation of R.I.G.L. § 6-13.  Plaintiffs seek an
order that the foreclosure sale is void and restoring title to the Property to Plaintiffs, as well as
damages.

5.      "In actions seeking declaratory or injunctive relief, it is well established that the
amount in controversy is measured by the value of the object of the litigation."  <u>Hunt v. Wash.
State Apple Adver. Comm'n</u>, 432 U.S. 333, 347 (1977).  "[I]n a case seeking equitable relief

against a foreclosure sale, the fair market value of the property is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction."  Bedard v. Mortgage Elec. Registration Sys., Inc., No. 11-CV-117-JL, 2011 WL 1792738, at *3 (D.N.H. May 11, 2011) (collecting cases); see also Morse v. Residential Credit Solutions, Inc., No. 11-12275, 2012 WL 458492, at *1 (D. Mass. Feb. 13, 2012) (Zobel, J.) (accord); Neenan v. CitiMortgage, Inc., No. 13-CV-435-JD, 2013 WL 6195579, at *2 (D.N.H. Nov. 26, 2013) (DiClerico, J.) ("When the plaintiffs challenge the right or title to the property following a foreclosure sale, the appropriate measure of the amount in controversy includes the value of the property in question."); Barbosa v. Wells Fargo Bank, N.A., No. 12-12236-DJC, 2013 WL 4056180, at *4 (D. Mass. Aug. 13, 2013) (Casper, J.) ("value of the premises is an appropriate means of obtaining the amount in controversy" where plaintiff filed action to compel mortgage holder to bring an action to try its title or forever bar it from enforcing any claim to title to the premises).

6.    In this case, Plaintiffs seek an order rescinding the foreclosure sale conducted by Fannie Mae and divesting Ditech of title to the Property.  Thus, the current value of the Property is the proper measure for the amount in controversy.   Here, the foreclosure sale price of the Property was $185,250.  See Neenan, 2013 WL 6195579, at *2 (using foreclosure sale price as value of property for purpose of determining amount in controversy in case seeking to deprive foreclosing mortgagee of post-foreclosure ownership of the property); Foreclosure Deed. Moreover, the Town of North Providence has assessed the Property at $180,800.  A copy of the Assessor's Database for the Town of North Providence's record for the Property is attached hereto as **Exhibit D**.[2]  The amount in controversy, therefore, exceeds $75,000.

---

[2] Courts also consider the face value of the original mortgage loan in determining the value of the Property.  See  Barbosa, 2013 WL 4056180, at *5; McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 213 (1st Cir. 2012) (noting that "Wells Fargo deemed the property to be adequate security for a $430,000 loan as of November 2006, making it highly likely that on removal, the property was worth at least

4

7.      As a result, this Court has original subject matter jurisdiction over this action on the basis of 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Plaintiffs Ditech, and Fannie Mae, and the matter in controversy exceeds $75,000.

8.      Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Providence County Superior Court.

9.      Pursuant to L. R. Cv. 81, within fourteen (14) days after filing this Notice, Ditech and Fannie Mae shall "do whatever is necessary to enable the clerk of the state court to assemble and electronically transmit a certified copy of the docket sheet and all documents filed" in the state court action.

**WHEREFORE**, Defendants Ditech Financial LLC and Federal National Mortgage Association request that the above action now pending against it in the Rhode Island Superior Court, Providence County be removed therefrom to this Court.

---

$75,000"); Bedard, 2011 WL 1792738, at *2 (D.N.H. May 11, 2011) (holding that "[t]he fact that the original amount of the mortgage loan, made in July 2006, was $100,000, suffices to show by a preponderance of the evidence that the fair market value of [the plaintiff's] property exceeded $75,000 at the time this action was removed, even if the intervening decline in the real estate market is taken into account"). Here, the face value of the loan was $300,287, which well exceeds $75,000.

ME1 24452883v.1

Defendants
DITECH FINANCIAL LLC
FEDERAL NATIONAL MORTGAGE
ASSOCIATION

By their attorneys,

*/s/ Mark P. Dolan, Jr.*
Mark P. Dolan, Esq. (#3280)
Mark P. Dolan Jr., Esq. (#9277)
RICE, DOLAN & KERSHAW
72 Pine Street – Suite 300
Providence, RI 02903
Phone:  (401) 272-8800
*Fax:  (401) 421-7218*
mdolan@ricedolan.com
mdolanjr@ricedolan.com

Dated: March 24, 2017

## CERTIFICATE OF SERVICE

I, Mark P. Dolan, Jr., certify that on March 24, 2017, I *filed and served* this document through the electronic filing system to the following parties:

Todd S. Dion, Esq.
371 Broadway
Providence, RI 02909
toddsdion@msn.com

*/s/ Mark P. Dolan, Jr.*

6